Please Note: We have sua sponte removed this case from the accelerated calendar.
Raising four assignments of error, defendant-appellant Carlos Johnson appeals the trial court's judgment convicting him of one count of attempted burglary, two counts of receiving stolen property, and one count of possessing criminal tools, and sentencing him to a term of imprisonment.
 FACTS AND PROCEEDINGS
On August 13, 1998, at approximately eleven a.m., twelve-year-old Felicia Glover was home alone when she heard banging and kicking at her front door. Looking out her window, Glover observed two young African-American males in front of her home, one standing on her porch and the other standing on the sidewalk. Glover telephoned 911. While waiting for assistance, she heard rattling noises at her parent's bedroom window, which she thought to be the scraping of a screwdriver. She also heard the sound of her own bedroom window breaking.
Shortly after Glover telephoned 911, Officer Benson was dispatched to her residence. Although the suspects were no longer at the scene when Benson arrived, Glover was able to observe them approximately one block from her home. Benson pursued them in his police cruiser, eventually apprehending them within the neighborhood a short time later. After the individuals were in custody, Glover identified Johnson as the individual she had seen on her porch and the other suspect, Brock Howard, as the individual she had seen on the sidewalk. Police discovered a screwdriver in Johnson's pocket and another tool in Howard's pocket. Moreover, William Calloway, a resident in Glover's neighborhood, informed police that, immediately before Johnson and Howard were arrested, he observed them drive into his neighbor's driveway at a high rate of speed and bail out of the car. It was later discovered that the car they were driving, as well as its license place, was stolen.
Johnson was charged with one count of burglary, two counts of receiving stolen property, and one count of possessing criminal tools. At the conclusion of the state's case, the trial court reduced the burglary charge to attempted burglary. A jury found Johnson guilty of the modified charge, as well as the remaining charges. Thereafter, the trial court sentenced Johnson to consecutive terms of incarceration. This appeal followed.
 ASSIGNMENTS
In his first assignment of error, Johnson asserts that his trial counsel failed to provide him with effective representation. Johnson puts forth two arguments in support of this assignment. First, he contends that his trial counsel's failure to request a specific jury instruction regarding eyewitness identification (4 Ohio Jury Instructions [1997] 41, Section 405.20 [5]) rendered his performance deficient. This argument must be dismissed as feckless, however, given that the record demonstrates that the trial court did, in fact, give the jury the exact instruction on eyewitness identification that Johnson claims was absent. Accordingly, we turn to his second argument, in which he challenges his trial counsel's failure to object to a line of questioning by the prosecutor that elicited comments indicating that Johnson chose to remain silent when he was arrested. Even if we assume that counsel's failure to object to the questioning constituted deficient performance, Johnson has failed to demonstrate that this failure rendered the result of the trial unreliable or the proceeding fundamentally unfair.[1]
Accordingly, we overrule the first assignment of error.
Johnson asserts, in his second assignment of error, that the line of questioning by the prosecutor that elicited comments indicating that he had invoked his right to remain silent following his arrest deprived him of his constitutionally guaranteed right to a fair trial. We disagree. Because Johnson's trial counsel posed no objection to the prosecutor's questioning, it may only serve as the basis for reversing Johnson's convictions if it rises to the level of plain error under Crim.R. 52(B). Even if we assume for the purposes of argument that the prosecutor's questioning was improper, we are unable to conclude that, but for this questioning, the outcome of the trial would have been different.[2] Johnson, therefore, has failed to demonstrate that the prosecutor's questioning constituted plain error. For this reason, we overrule the second assignment of error.
We overrule Johnson's fourth assignment of error, in which he asserts that his convictions were against the weight of the evidence, because we conclude that, in resolving conflicts in the evidence, the jury did not lose its way and create a manifest miscarriage of justice.[3]
In his third assignment of error, Johnson asserts that, in imposing sentence upon him, the trial court failed to comply with the guidelines set forth in R.C. Chapter 2929. We agree.
Here, the trial court ordered that Johnson serve ten months of incarceration on the attempted-burglary charge, a fifth-degree felony[4]; fifteen months of incarceration on the first receiving-stolen-property charge, a fourth-degree felony[5]; ten months of incarceration on the second receiving-stolen-property charge, a fifth-degree felony[6]; and ten months of incarceration on the possessing-criminal-tools charge, a fifth-degree felony.[7] Moreover, it ordered that the sentences run consecutively. In imposing these sentences, the trial court made no written findings. And although it did make verbal findings, these findings were insufficient to satisfy (1) R.C. 2929.13(B) (2) (a)'s requirement for imposing a prison term for a felony offense of the fourth or fifth degree; (2) R.C.2929.14(B)'s requirement for imposing more than the minimum prison term on an offender who has not previously served a prison term[8]; and (3) R.C. 2929.14(E) (4)'s requirements for imposing consecutive sentences. Consequently, we vacate the sentences imposed by the trial court and remand the matter for resentencing in accordance with this decision and the dictates of R.C. Chapter 2929. We otherwise affirm the trial court's judgment with respect to the findings of guilt for attempted burglary, two counts of receiving stolen property, and possessing criminal tools.
Additionally, we note that both the trial court's entry ordering a probation report and investigation, and its final order imposing sentence indicate that Johnson had pleaded guilty to the offenses for which he was sentenced. It is absolutely clear from all other aspects of the record, though, that Johnson did not plead guilty, but rather, was found guilty after a jury trial. Accordingly, for purposes of clarity, we instruct the trial court to correct these clerical errors on remand.
Judgment affirmed in part, sentences vacated, and causeremanded.
 HILDEBRANDT, P.J., SUNDERMANN and SHANNON, JJ.
RAYMOND E. SHANNON, retired, of the First Appellate District, sitting by assignment.
[1] See Lockhart v. Fretwell (1993), 506 U.S. 364, 113 S.Ct. 838.
[2] See State v. Long (1978), 53 Ohio St.2d 91, 372 N.E.2d 804.
[3] See State v. Martin (1983), 20 Ohio App.3d 172, 175,485 N.E.2d 717, 720-721, quoted in State v. Thompkins (1997),78 Ohio St.3d 380, 387, 678 N.E.2d 541, 547.
[4] See R.C. 2911.12(A) (4) and 2923.02(E).
[5] See R.C. 2913.51(B).
[6] Id.
[7] See R.C. 2923.24(C).
[8] Although the trial court referred to Johnson's "previous criminal activity" in its sentencing colloquy, the record does not demonstrate that Johnson had actually served a prior prison term.